RcifpiN, C. J.
 

 The action is assumpsit, and, upon the trial on the genera] issue, the case was this. Stephen Haynes, as.the executor of Moses Crissman, obtained a judgment in Surry Superior Court against Aaron Criss* man, and sued out a ca.
 
 sa.
 
 and delivered it to the plaintiff," who’was the Sheri ff of Surry. He arrested the debtor, who gave a bond to appear, and take the benefit of the act for the relief of insolvent debtors." He appeared, and, upon a suggestion of fraud, an issue was made up. Before it was tried, Haynes died intestate ; and no further proceedings were had on the issue for more than two terms, and the Court discharged the debtor from further attendance. Afterwards, the defendant, Cooper, obtained letters of administration
 
 de bonis non
 
 with the will annexed of Moses Crissman; and this action was brought against
 
 *581
 
 him in that character for the plaintiff’s fees and com» missions on the execution. The Court was of opinion» that the action would not lie, and ordered anon suit; and the plaintiff appealed.
 

 We suppose the administrator of Haynes could not have discharged the defendant out of custody, but that the power to do so or to complete the execution belonged to the administrator
 
 de bonis
 
 non, as incident to the debt, which was a part of the original testator’s goods miad-ministered But, in facfvthe defendant did nothing in the matter, but. the proceedings were at an end before he administered. Therefore it seems impossible to charge him in any capacity, by implying a-promise to paythe plaintiff' his commissions. The executor, who sued out the execution, was doubtless liable for the sheriff’s poundage, if any body, besides the debtor, was. The sheriff was not bound to look
 
 to
 
 the testator’s estate for his demand ; for that might be insolvent, and he did the work at the instance of the executor himself, Haynes would, therefore, be liable in his natural capacity, if at all.
 
 Matlock
 
 v.
 
 Gray
 
 &
 
 Harper,
 
 4 Hawks 1. If he acted with good faith and reasonable prudence in suing -out the
 
 ca. sa.f
 
 and incurring this expense, he might claim io be indemnified out of the assets. That, however, is a different point from the present. We cannot tell, but that Haynes did retain an-indemnity out of the assets, Whether he did or not, his personal liability excludes that of the administrator
 
 de bonis non ;
 
 for the sheriff cannot have a right to look to both, so as to imply a separate promise from each. At common law there was no privity-be-tween the executor and the administrator
 
 de bonis non,
 
 and thismase -is.not-within the act of 1-824.
 

 Per Curiam, Judgment affirmed.